is the other defendant, may be for the whole building; of this tenant, only for his floor.

The judgment is reversed and the demurrer sustained, with leave to plead over.

Interlocutory judgment reversed, with costs, and demurrer sustained, with costs. All concur.

---

(110 App. Div. 769.)

NEARY v. CITIZENS' R., LIGHT & POWER CO.

(Supreme Court, Appellate Division, Second Department. January 26, 1906.)

1. STREET RAILROADS—INJURIES TO PERSON ON TRACK—CONTRIBUTORY NEGLIGENCE.

 While one has a right to walk along an electric car track on a country highway, he is bound to be ordinarily vigilant with eye and ear to know of the approach of a car, and to get out of its way, so as not to stop it, or even make it slow up.

 [Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, § 206.]

2. SAME—QUESTION FOR JURY.

 Where plaintiff's intestate, while walking along an electric car track on a country highway on a clear night, was run over and killed by a car approaching from the rear, fully lighted and with a head light, it could not be said, as a matter of law, that deceased was negligent in not knowing of the approach of the car in view of the facts that no bell was rung or warning given, that electric cars ran over that track about once an hour only, and that at the time of the accident, a freight train was passing on a parallel track about 16 feet from the electric car track, in the opposite direction, laboring up grade, and making much noise.

 [Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, § 206.]

Appeal from Trial Term, Dutchess County.

Action by Sarah Neary as administratrix, etc., against the Citizens' Railroad, Light & Power Company. From a judgment for defendant, plaintiff appeals. Reversed.

The plaintiff's intestate was walking along the electric car track on a country highway at 9 o'clock on a clear night, and an electric car fully lighted, and with a head light, came up in his rear, and ran over and killed him. He had been there walking while the car was coming several hundred feet, at least. The people generally of that locality walked along the track as he did. The deceased was going toward his home, about 600 feet away. The electric cars passed each way about once an hour. At the place of the accident the tracks of a steam railroad ran along side of the highway, about 16 feet from the trolley track, and at the time of the accident, or the moment before it, a freight train was passing in the opposite direction, laboring up grade, and making much noise. No bell was rung or other warning given on the trolley car.

The jury could have found the foregoing facts.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

A. H. F. Seeger, for appellant.
Charles Morschauser, for respondent.

GAYNOR, J.   The case was for the jury.   The deceased had the right to walk along the track, but with that right went by law a duty for him to be ordinarily vigilant with eye and ear to know when a car was coming, and to be out of the way before it got to him, so as not to stop it, or even make it slow up, for it had the right of way.   But considering that the electric cars ran only about once an hour, and the distraction of the passing steam freight train along the side of the highway about 16 feet away, it was too much to say as matter of law that the deceased was negligent in not knowing the electric car was coming up so close behind him, especially as no bell was rung or warning given on it.

The judgment should be reversed.

Judgment reversed, and new trial granted; costs to abide the event.   All concur.